IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



| | |
|---|---|
| DAWIN SALEM, *Individually And On Behalf Of All Others Similarly Situated* | PLAINTIFF |
| v.   CIVIL ACTION NO. 3:11CV439 HTW-LRA | |
| COUCH, CONVILLE & BLITT, LLC *Formerly Known As* COUCH, STILLMAN, BLITT & CONVILLE, LLC | DEFENDANT |

### CLASS ACTION COMPLAINT

Plaintiff, Dawin Salem, brings this action individually and on behalf of all others similarly situated under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (the "Act," and/or "FDCPA") to enjoin Defendant's conduct and recover damages by reason of the Defendant's violation of the Act, and allege as follows:

### I.
### JURISDICTION AND VENUE

1.  The jurisdiction of the Court is invoked pursuant to § 813 of the Act, 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because the acts and transactions occurred here and all parties reside or transact business here.

### II.
### PARTIES

3.  Plaintiff, Dawin Salem, is an adult resident citizen of Hinds County, Mississippi, residing in the Southern District of Mississippi, and a *consumer* as that term is

defined in 15 U.S.C. § 1692a(3), to whom the Defendant responded to a written debt validation request.

4. Defendant, Couch, Conville & Blitt, LLC, formerly known as Couch, Stillman, Blitt & Conville, LLC, is a Louisiana corporation and *debt collector* as that term is defined in 15 U.S.C. § 1692a(6), engaged in the business of collecting consumer debts, and which may be served with process of this Court by serving its registered agent for service of process, Ward Conville, located at 1301 West Pine Street, Hattiesburg, Mississippi 39401.

### III.
### FACTUAL ALLEGATIONS

5. Defendant sent initial dunning correspondence dated September 17, 2010, to Plaintiff regarding a consumer debt for which Defendant was attempting to collect on behalf of Chase Manhattan Bank.

6. Subsequent to her receipt of Defendant's initial dunning letter to her, Plaintiff timely responded in writing on October 15, 2010, to the Defendant with a request for verification of the debt pursuant to her rights under 15 U.S.C. § 1692g(b).

7. Thereafter, Plaintiff received correspondence from Defendant dated October 21, 2010, which purports to be Defendant's response to Plaintiff's request for verification but which contained merely the name of the original creditor, Chase Manhattan Bank, and an address for same.

8. Verification is wholly distinct from the written notice required by 15 U.S.C. § 1692g(a), <u>as well as</u> from a statement of the name and address of the original creditor mentioned in 15 U.S.C. § 1692g(a)(5). Section 1692g requires that a debt collector verify a debt when requested to do so by a debtor, as follows:

**§ 1692g. Validation of debts**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, *the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector*; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with *the name and address of the original creditor, if different from the current creditor.*

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, *until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.* Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

* * *

15 U.S.C. § 1692g. (Italicized emphasis added.)

9. The FDCPA requires Defendant to confirm in writing that the amount being demanded is the same as that which the creditor claims is owed. The October 21, 2010, letter to Plaintiff does not state, as required, that the debt collector Defendant herein contacted the creditor and confirmed that the amount being demanded was what the creditor claimed was owed.

10. On information and belief the Defendant, a large volume debt collection operation, has simply cut corners in processing consumers' verification requests in order to both save expense to them and expedite their collection of consumer debts. As a consequence, Defendant has violated 15 U.S.C. § 1692g and, thus, is liable to Plaintiff and all other members of the Plaintiffs' Class for statutory damages, costs, and reasonable attorney's fees.

## IV.
## COUNT ONE – CLASS ACTION
## PLAINTIFFS' CLASS ALLEGATIONS

11. Plaintiff re-urges and re-avers all of the allegations as contained in the above Paragraphs 1 through 10, *supra*.

12. Until a more detailed description is required, Plaintiff submits that the class of persons and entities that should be certified for management as a class action can be defined as follows:

> **All persons who, within the past twelve (12) months of the date of filing of this class action complaint, requested validation of a debt pursuant to 15 U.S.C. § 1692g(b) from the Defendant and, in response to said request, Defendant furnished to such persons merely the name of the original creditor or, the name of the original creditor and account number, associated with the subject debt.**

13. Plaintiff, Dawin Salem, brings this action individually and as a class action on behalf of all persons similarly situated who requested validation of a debt pursuant to 15 U.S.C. § 1692g(b) and, in response thereto, received from the Defendant merely the name of the original creditor or, the name of the original creditor and account number, associated with the subject debt. This action seeks entry of an injunction and asks that statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) & (ii) be awarded for willful noncompliance of the FDCPA by the Defendant in addition to attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

14. All of the information pertinent to each individual alleged violation of 15 U.S.C.A. 1692g is available in searchable electronic format, including *inter alia*: the identity of each individual class member.

15. The Class, consisting of thousands of persons, is so numerous that joinder of all its members before this Court is impracticable.

16. The claims of the representative parties are typical of the claims of the Class. Common questions of law or fact raised by this Class Action Complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

17. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, and a risk that any adjudications with respect to individual members of the class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect

their interests. Moreover, Defendant has acted in a manner applicable to the class as a whole which warrants injunctive or declaratory relief.

18. Dawin Salem will fairly and adequately protect and represent the interests of the Class. The management of the Class action proposed is not extraordinarily difficult and, moreover, the factual and legal issues raised by this Class Action Complaint will not require extended contact with the members of the Class because the Defendant's conduct was perpetrated on all members and will be established by common proof.

19. This lawsuit is appropriate for management as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the following reasons:

    A.    On information and belief, Defendant has issued thousands of debt validation letters to consumers which did not meet the minimum requirements 15 U.S.C. § 1692g(b) in violation of the FDCPA. The number of potential claimants satisfies the numerosity prerequisite for a class action because the proposed class is so large that joinder of all the members is impracticable. F.R.C.P. Rule 23(a)(1).

    B.    Common questions of law and fact exist, such as:

(1) whether Defendant ever verified with the original creditor any of the debts for which members of the Plaintiff Class requested validation thereof;

(2) whether Defendant's debt validation letters violate the FDCPA rights of members of the Plaintiff Class;

Other common issues of law or fact may be articulated during the course of this litigation, but this preliminary, non-exclusive list is provided in order to identify the presence of sufficient common issues of law and fact in order to demonstrate that this proposed class satisfies the commonality requirement. F.R.C.P. Rule 23(a)(2).

C.   The claims of the named Plaintiff are typical of the claims of the class members Dawin Salem proposes to represent. If, by issuing debt validation letters to consumers which do not meet the minimum requirements of 15 U.S.C. § 1692g(b) the Defendant has violated the terms of the FDCPA, then the Defendant is liable to all class members for damages. F.R.C.P. Rule 23(a)(3).

D.   The named Plaintiff will fairly and adequately protect the interests of the absent class members. Plaintiff has not been promised or offered any special consideration or compensation for serving as a representative plaintiff. The named Plaintiff has no special interest in the outcome of this litigation that conflicts with the interests of the absent class members. The named Plaintiff is willing to take an active part in the litigation and to perform the duties expected of a class representative. F.R.C.P. Rule 23(a)(4).

E.   If numerous members of this proposed Class try their claims individually against the Defendant, it could result in inconsistent or varying decisions on those claims, and may establish incompatible standards of conduct for the Defendant. The results of the numerous cases may not be consistent and compatible with one another. F.R.C.P. Rule 23(b)(1)(A).

F.   Trying the Class members' claims on a one-by-one basis could create a risk of the Court having trials of some claims that would, as a practical matter, be dispositive of the interests of other Class members who were not parties to those particular trials, and, therefore, not present to protect their interests. Having individual trials of all these claims also could substantially impair or impede the ability of the other Class members to protect their interests, especially those who were

required (due to scheduling or docketing conflicts) to wait months or years to have their individual claims tried. Having individual trials also tends to deplete the financial resources of the Defendant in favor of those whose cases are tried first. F.R.C.P. Rule 23(b)(1)(B).

G. The Plaintiff and all other members of the Plaintiffs' Class seek to enjoin actions of the Defendant in its continued violation of the FDCPA on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. F.R.C.P. Rule 23(b)(2).

H. The Plaintiff and all other members of the Plaintiffs' Class seek to receive statutory damages for the loss they have suffered as a result of the Defendant's breach of its obligations and/or duties under the FDCPA. With respect to these claims for damages, common issues predominate over individual issues and class action treatment is superior to other methods of adjudication in accordance with F.R.C.P. Rule 23 (b)(3).

I. The Plaintiff and all other members of the Plaintiffs' Class are represented by skilled attorneys. These attorneys are experienced in litigation and are attorneys who will litigate this action in a competent, expeditious, efficient, and economic manner for the best interest of the Plaintiffs' Class. These attorneys are financially capable of advancing the reasonable costs and expenses of this litigation on behalf of the Plaintiffs' Class. F.R.C.P. Rule 23(a)(4).

J. The statutory damages available under 15 U.S.C. § 1692k(a)(2) of up to $1000 are greatly outweighed by the cost of pursuing individual lawsuits,

rendering class action treatment superior to litigation of class members' claims on an individual basis.

K.  All of the information necessary to establish each class members' eligibility and each subject violation is available in searchable, electronic format, such that the multiple claims of individual class members can be easily managed by this Court, and hence common issues predominate over individual issues and class action treatment is superior to other methods of adjudication.

## V.
## RELIEF SOUGHT

20. Plaintiffs seek the following relief:

   (a)  Certify this action as a Class Action and appoint Dawin Salem as representative of the Class and her attorneys as class counsel;

   (b)  Declare that Defendant violated 15 U.S.C. § 1692g by failing to meet the minimum requirements for verification of a debt to confirm in writing that the amount being demanded is what the creditor claims is owed.

   (c)  Declare that Defendant's unjust enrichment through the issuance of debt validation letters to consumers which do not meet the minimum requirements of 15 U.S.C. § 1692g(b) violates the FDCPA and entry of an injunction in favor of the Class and against the Defendant prohibiting Defendant from further violation of the same;

   (d)  Enter judgment in favor of the Class and against the Defendant for statutory damages as provided by 15 U.S.C. § 1692k(a)(2);

(e) Declare that Defendant's issuance of debt validation letters to consumers which do not meet the minimum requirements of 15 U.S.C. § 1692g(b) violates the FDCPA and enter an injunction in favor of the Class and against the Defendant prohibiting it from further violation of the same;

(f) Award the Class costs and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a)(3); and

(g) Grant all further equitable, statutory and or legal relief as is reasonable under the premises.

**WHEREFORE**, Plaintiffs pray that this court:

(1) Certify this action as a Class Action and appoint Dawin Salem as representative of the Class and her attorneys as class counsel;

(2) Declare that Defendant violated 15 U.S.C. § 1692g by failing to meet the minimum requirements for verification of a debt to confirm in writing that the amount being demanded is what the creditor claims is owed.

(3) Declare that Defendant's unjust enrichment through the issuance of debt validation letters to consumers which do not meet the minimum requirements of 15 U.S.C. § 1692g(b) violates the FDCPA and enter an injunction in favor of the Class and against the Defendant prohibiting it from further violation of the same;

(4) Enter judgment in favor of the Class and against the Defendant for statutory damages as provided by 15 U.S.C. § 1692k(a)(2);

(5) Declare that Defendant's issuance of insufficient/inadequate debt validation letters to consumers violates 15 U.S.C. 1692g(b) and enter an injunction in favor of the Class and against the Defendant prohibiting it from further violation of the same;

(6)  Award the Class costs and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a)(3); and

(7)  Grant all further equitable, statutory and or legal relief as is reasonable under the premises.

**JURY TRIAL DEMANDED**

                                                     Respectfully submitted,

                                                     DAWIN SALEM, Plaintiff

                                                     By: _/s/ Russell G. Lockey_____
                                                     RUSSELL G. LOCKEY
                                                     *Attorney for the Plaintiffs*

RUSSELL G. LOCKEY (MSB No. 99622, VSB No. 47105)
RUSSELL G. LOCKET ATTORNEY AT LAW, PLLC
79 Laurel Street
Harrisonburg, Virginia  22801
Telephone:    540-246-4210
Facsimile:     540-433-3279
Email:           rglockey@highspeedlink.net